18927.  GILES.*et al.* v. DOOLITTLE *et al.*

WYATT, Presiding Justice.  Plaintiffs in error brought suit to enjoin defendants in error from trespassing on property which they allege belongs to them.  At the trial of the instant case, it developed that the real controversy was as to the line dividing the two properties involved.

The dividing line is described in the partition deed and by the parties as beginning at an old sugarberry tree and running in a northerly direction in a straight line to the end of the "Seven Acre Terrace". Both sides to this suit agree that this should be the line and agree as to the beginning point, but they disagree as to the ending point. This disagreement is as to whether or not the so-called "Seven Acre Terrace" has been moved since the original partitioning in 1929. Plaintiffs in error contend that the terrace has not been moved and the defendants in error contend that it has been moved. After both sides had completed their testimony and the charge of the court had been given, the jury retired and returned a verdict in favor of the defendants. Plaintiffs in error filed their motion for new trial, which was duly overruled. The exception here is to that judgment. *Held:*

1. The real question involved in the instant case is whether or not the so-called "Seven Acre Terrace" has been moved since the original partitioning occurred in 1929. All the witnesses for the plaintiffs who testified as to the matter testified positively that the terrace had not been moved and that the line between the parties was a straight line running from an old sugarberry tree to the end of the "Seven Acre Terrace". The defendants placed witnesses on the stand to try to contradict this testimony. However, no witness for the defendants testified that he was familiar with the line and the seven-acre terrace and that it had been moved since 1929. Some of defendants' witnesses testified positively that it had not been moved. Others testified that there was an old terrace line there and that they thought it had been moved or that it looked like it had been moved, but they refused to swear that it had been moved. One of the defendants testified that it had been moved. However, he further testified that he was not familiar with the lines and that he could be mistaken. He did not attempt to testify as to when the terrace had been moved, if it had been moved. Under these circumstances, there is no evidence that the terrace had been moved since 1929 or that the dividing line was not as contended by the plaintiffs in error. Therefore, the evidence in the instant case was not sufficient to support the verdict, and it was error to refuse a new trial.

2. In so far as special ground one is concerned, it appears that the judge in his charge inadvertently misquoted the terms of a lease covering the property involved. While this was not proper, since the case is being reversed on other grounds and this will not likely occur on another trial, it will not be passed upon.

3. Special grounds 2, 3, and 4 complain of certain excerpts from the charge of the court. We have carefully examined these grounds and the charge as a whole. There is no error in either of these grounds for the reason they are amply supported by the evidence.

4. For reasons stated in division one of this opinion, it was error to deny the motion for new trial, and the judgment must be reversed.

*Judgment reversed. All the Justices concur.*

Argued April 11, 1955—Decided June 14, 1955.

658

*J. D. Godfrey, D. E. McMaster, Casey Thigpen,* for plaintiffs in error.

*Irwin L. Evans, J. Benton Evans,* contra.